IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**WALTER JETON HARALSON**                                                    **PETITIONER**

**VERSUS**                                        **CIVIL ACTION NO. 3:25cv435-HTW-MTP**

**STATE OF MISSISSIPPI and MISSISSIPPI
DEPARTMENT OF CORRECTIONS**                              **RESPONDENTS**

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

This case is before the court, *sua sponte*, for consideration of dismissal. *Pro se* petitioner Walter Jeton Haralson brings this action under Title 28 U.S.C. § 2254, challenging his convictions and sentences for felon in possession of a firearm and probation violation. The court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

### DISCUSSION

Haralson alleges that he was originally convicted, on May 25, 2016, in the Madison County Circuit Court, of being a felon in possession of a firearm. He says he was sentenced to ten years, with five suspended, in the custody of the Mississippi Department of Corrections ("MDOC"). He claims this sentence was too long and the result of an involuntary guilty plea.

While subsequently out on probation, Haralson was charged with a probation violation, for which he was convicted in 2022. He claims the Madison County Circuit Court illegally revoked his probation and that he was held in excess of the original sentence.

On June 16, 2025, Haralson initiated this habeas action, seeking speedier release. At the time, he was incarcerated with MDOC. He confirms that he was released from MDOC nine days later and is not on probation, supervised release, or parole.

Article III, Section 2 of the United States Constitution limits federal court jurisdiction to actual cases and controversies. *Spencer v. Kenna*, 523 U.S. 1, 7 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings" and necessitates that the parties "continue to have a 'personal stake in the outcome' of the lawsuit." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990) (quoting *Los Angeles v. Lyons*, 461 U.S. 92, 101 (1983)). If an action is rendered moot, there is no longer any live case or controversy and thus no jurisdiction. *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987). Haralson seeks is speedier release from custody. Since he has already been released, the court can no longer grant him the relief that he seeks. Therefore, this habeas action is rendered moot and should be dismissed without prejudice for lack of jurisdiction. *Id.*

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case is **DISMISSED WITHOUT PREJUDICE** as moot. A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 30th day of January, 2026.

/s/HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE